565 S.E.2d 756

**Henry MARTIN, Jr., Petitioner,**

v.

**SOUTH CAROLINA DEPARTMENT OF CORRECTIONS, Respondent.**

Supreme Court of South Carolina.

May 23, 2001.

## ORDER

Petitioner is currently incarcerated at the Lee Correctional Institution. Petitioner filed a civil suit against the Department of Corrections (DOC) for the medical care that he

received after he injured his leg. The trial court granted summary judgment to the DOC. The Court of Appeals affirmed. *Martin v. South Carolina Department of Corrections,* 2000–UP–656 (S.C. Ct.App. filed October 31, 2000). Petitioner then attempted to file a petition for a writ of certiorari. However, petitioner did not enclose the required $100 filing fee. *See* Rule 226(c), SCACR (a $100 filing fee is required for a petition for a writ of certiorari to the Court of Appeals). Instead, he enclosed two checks totaling $24.41. The Clerk of Court returned the checks as insufficient to cover the filing fee.

Petitioner states that the Clerk was without authority in returning the partial filing fee. He argues that the Clerk must accept partial payment pursuant to S.C.Code Ann. §§ 24–27–100 and 24–27–150 (Supp.2000), and that the Court of Appeals relies on these sections to allow partial payment. Section 24–27–100 states that:

> Unless another provision of law permits the *filing of civil actions* without the payment of filing fees by indigent persons, if a prisoner *brings a civil action or proceeding,* the court, upon the filing of the action, shall order the prisoner to pay as a partial payment of any filing fees required by law a first-time payment of twenty percent of the preceding six months' income from the prisoner's trust account administered by the Department of Corrections and thereafter monthly payments of ten percent of the preceding month's income for this account.

(Emphasis added). Section 24–27–150 describes how to implement the payment plan if the balance of the prisoner's trust account is insufficient to cover the filing fee.

■ Upon examination of sections 24–27–100 and 24–27–150, it is clear that the institution of a payment plan in order to finance filing fees is intended only for use at the trial court level. The plain language of section 24–27–100 states that the payment plan was enacted for the purpose of assisting indigent prisoners when they "bring a civil action or proceeding." By definition, civil actions or proceedings are brought at the trial court level. In contrast, filing an appeal or petition for a writ of certiorari does not constitute "bringing a civil action" but simply seeks review of a civil action that has been conclud-

ed in the trial court. Accordingly, the payment plan laid out in sections 24–27–100 and 24–27–150 is not applicable to filing fees incurred at either the Supreme Court or the Court of Appeals.

IT IS SO ORDERED.

/s/ Jean H. Toal, C.J.

/s/ James E. Moore, J.

/s/ John H. Waller, Jr., J.

/s/ E.C. Burnett, III, J.

/s/ Costa M. Pleicones, J.